CITY OF HARTFORD *v.* VALENTINA MEJIAS ET AL.
(2229)

DUPONT, BORDEN and SPALLONE, Js.

Argued May 10—decision released July 24, 1984

*Robert J. Kor,* with whom, on the brief, was *David A. Pels,* for the appellants (named defendant et al.).

*William J. Prensky,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (defendant commissioner of housing).

*Joseph M. Lugo,* assistant corporation counsel, with whom, on the brief, were *Richard H. Goldstein,* corporation counsel, and *Dennis L. Pieragostini,* assistant corporation counsel, for the appellee (plaintiff).

PER CURIAM. This is an appeal[1] from the trial court's determination that the defendants were not entitled to relocation assistance benefits under the Uniform Relocation Assistance Act (URAA). General Statutes §§ 8-266 through 8-282. The trial court ruled that the defendants were forced to move as a result of housing

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

code enforcement activities and not as a result of building code enforcement activities, a requirement under the URAA.

The single issue posed herein is whether persons who are forced to move as a result of housing code enforcement activities are "displaced persons" entitled to relocation benefits under the URAA.

The Supreme Court has answered that question in the affirmative in its recent decision in *Dukes* v. *Durante,* 192 Conn. 207, 212–221, 471 A.2d 1368 (1984), holding that "building code" in the URAA includes "housing code." The decision is controlling and dispositive of this appeal.

Counsel appeared for argument and filed with this court a written stipulation executed by the parties in which the parties agreed that there was error and that this case was to be remanded to the Superior Court with direction to dismiss the plaintiff's appeal.

There is error, the judgment is set aside and the case is remanded to the trial court with direction that the appeal be dismissed.